## C. B. Pinkston et al. v. G. W. Boyd.

Decided October 10, 1906.

**1.—Defective Brief—Fundamental Error.**

The Appellate Court may reverse a judgment upon errors assigned, though not presented in compliance with the rules governing briefs, especially where the ruling complained of partakes of the nature of fundamental error.

**2.—Charge—Ignoring Issue.**

A charge which, in directing a verdict on the finding of certain enumerated facts, ignores a theory of the case supported by pleading and evidence requiring a contrary finding, presents error which necessitates reversal.

Appeal from the District Court of Henderson County. Tried below before Hon. B. H. Gardner.

*Faulk & Faulk,* for appellants.

*J. W. Donaldson* and *Richard B. Semple,* for appellee.

KEY, Associate Justice.—The controversy in this case arose out of a contract for the sale of a tract of land, by which contract each party deposited $150 with the First National Bank as a forfeit. The sale was not consummated and, the parties failing to agree as to the disposition of the money, the bank brought this suit to have the matter judicially determined and a judgment rendered which would protect it. A judgment was rendered awarding the forfeit money to the contracting purchaser, G. W. Boyd, and Pinkston and Johnson, the contracting sellers, have appealed.

Appellee objects to a consideration of appellants' brief because all of the assignments of error, fourteen in number, are grouped together. It must be conceded that appellant's brief in the respect referred to

does not conform to prescribed rules. However, in International & G. N. Ry. Co. v. Anderson, 82 Texas, 521, where the appellant's brief was subject to the same objection, the Supreme Court, while conceding the irregularity of the brief, passed upon the questions sought to be presented and reversed the case. In view of that decision and the fact that the error for which this case is reversed is so vital as perhaps to constitute fundamental error, we have concluded to consider and decide at least one of the questions suggested in appellants' brief.

On March 14, 1905, the contending parties entered into a written contract by which appellants agreed to sell to appellee 300 acres of land in Henderson County, Texas, for $3,300, $1,300 of which was to be cash, and for the remainder they were to take a house and lot situated in Tennessee. Appellants agreed to furnish a good and sufficient title to the land and reserved the right to examine the house and lot, and, if not satisfied with them, or if appellee's agent had sold them, the trade was to be cancelled. The contract allowed 60 days for the consummation of the trade, and stipulated that if either party failed or refused to carry out the contract, the other party should be entitled to the $300 deposited in the bank. Appellants pleaded performance of the contract by them, and alleged that appellee had failed and refused to comply with the contract, and prayed for judgment for the $300. Appellee in his answer admitted the execution of the written contract, but alleged that it did not embrace the entire contract between the parties, and that by mistake there was omitted from it a stipulation to the effect that appellants were to furnish appellee with an abstract showing a good and perfect title to the 300 acres of land. This averment was traversed by a supplemental pleading filed by appellants.

The court instructed the jury that if the omission alleged by appellee was, in fact, part of the contract agreed upon, and was by mutual mistake omitted from the written contract, to find a verdict for appellee for the forfeit money. This charge was erroneous, because there was testimony tending to show that before the expiration of the sixty days allowed by the contract for the consummation of the sale appellee repudiated the contract. If the alleged omission should be considered as part of the contract, still appellants were entitled to sixty days from its date in which to comply with that as well as other provisions of the contract; and if before the expiration of the time referred to appellee repudiated the contract, then he was not entitled to recover. The charge referred to ignored and, in effect, eliminated this vital feature of the case, and for this grave error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*